IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SALVADOR L. DORADO,              )
                                 )   2:06-cv-1847-GEB-EFB
              Plaintiff,         )
                                 )
     v.                          )   ORDER*
                                 )
LABORERS PENSION TRUST FUND FOR  )
NORTHERN CALIFORNIA,             )
                                 )
              Defendant.         )
_____)
```

Defendant Laborers Pension Trust Fund for Northern California ("Defendant") moves for summary judgment on Plaintiff's claims for pension benefits under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) and for declaratory relief, arguing that Plaintiff is not entitled to pension benefits. Plaintiff did not file an opposition to Defendant's motion.

PROCEDURAL HISTORY

Plaintiff filed an application for pension benefits with Defendant's Board of Trustees (the "Trustees") on September 16, 2002.

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

(Def.'s Statement of Undisputed Facts ("SUF") ¶ 10.)  The Trustees denied Plaintiff's claim on October 11, 2002.  (Id. ¶ 11.)  Plaintiff subsequently filed a complaint with the federal district court for pension benefits on March 30, 2006.  (Ex. A to Decl. of Susan J. Olson ("Olson Decl.").)

DISCUSSION[1]

I. Standard of Review

Defendant argues that the court should apply a deferential standard of review to the Trustees' denial of benefits decision since the pension plan grants the Trustees discretion to construe the terms of the Plan.  (Mot. at 7:6-9.)  Defendant declares that "the Trustees retain sole and final discretion over claims decisions and that no claim for benefits may be made absent Board determinations."  (SUF ¶ 1.)

"In actions under [ERISA § 502(a)(1)(B)] to challenge the denial of benefits based on a plan administrator's interpretation of a plan, the district court must review for abuse of discretion the benefits decisions of plan administrators and other fiduciaries to whom the plan grants 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" Canseco v. Constr. Laborers Pension Trust for S. Cal., 93 F.3d 600, 605 (9th Cir. 1996) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)).  "The trustees abuse their discretion if they render decisions without any explanation, or construe provisions of the plan in a way that clearly conflicts with the plain language of the plan." Johnson v. Trs. of W. Conference of Teamsters Pension Trust Fund, 879

---

[1] The standards for summary judgment are well known and need not be repeated here.

1  F.2d 651, 654 (9th Cir. 1989) (citing Hancock v. Montgomery Ward Long
2  Term Disability Trust, 787 F.2d 1302, 1307 (9th Cir. 1986)).
3        Here, the plan provides, in part, that: "[a]ny and every
4  claim . . . shall be resolved by the Board of Trustees under and
5  pursuant to the Plan and its decision shall be final and binding upon
6  all persons affected by the decision."  (Ex. A, Art. 9, sec. 2 to
7  Decl. of Edward J. Smith ("Smith Decl.").)  Accordingly, the court
8  determines whether Defendant's decision to deny benefits was an abuse
9  of discretion.
10 II. Pension Benefits
11       Defendant declares that Plaintiff is not vested under the
12 pension plan and therefore is not entitled to benefits.  (SUF ¶ 2,
13 Mot. at 9:1-2.)  To achieve vested status under the pension plan, and
14 thus be entitled to benefits, Plaintiff must either have: (i) achieved
15 ten years of credited service without a permanent break in service, or
16 (ii) attained age 50 with 15 benefit units between August 1, 1964 and
17 February 1, 1972.  (SUF ¶ 4.)  Prior to achieving vested status, any
18 accrued benefit units (or years of credited service) are permanently
19 lost if the claimant incurs a permanent break from service.  (Ex. B at
20 10 to Smith Decl.)
21       The record reveals that as of July 1963, Plaintiff had not
22 achieved ten years of credited service and had only accrued 6.5
23 benefit units.  (Ex. C to Smith Decl.; Smith Decl. ¶¶ 10-11, 14-15.)
24 Plaintiff then incurred a permanent break from service from August
25 1963 through July 1964 and from August 1964 through July 1965, thus
26 cancelling the 6.5 benefit units earned by Plaintiff prior to August
27 1963.  (SUF ¶¶ 5-7.)  Further, even though Plaintiff temporarily
28 resumed work after his permanent break from service, Plaintiff did not

achieve ten years of credited service without a permanent break in service under prong (i) and did not attain the age of 50 with 15 benefit units between August 1, 1964 and February 1, 1972, as required under prong (ii). (Id. ¶ 8.) Accordingly, the record shows that Defendant did not abuse its discretion in denying Plaintiff pension benefits.

III. Attorney's Fees

Defendant also requests attorney's fees under ERISA § 502(g)(1) (29 U.S.C. § 1132(g)(1)). (Mot. at 14:1-2.) However, Defendant has not submitted an affidavit as required by Eastern District of California Local Rule 54-293(b)(3) which prescribes, in pertinent part, that "[a]ll motions for awards of attorneys' fees pursuant to statute shall, at a minimum, include an affidavit showing . . . the amount of attorneys' fees sought." L.R. 54-293(b)(3). Therefore, Defendant's request for attorney's fees is denied.

CONCLUSION

For the reasons stated, Defendant's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment in favor of Defendant.

Dated: July 27, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge